**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| LUCIA CORTES RURAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00096-TWP-KMB |
| | ) | |
| SCOTT A. MAPLES, JR. Clark County Sheriff, | ) | |
| SAMUEL OLSEN Director of Chicago Field | ) | |
| Office, U.S. Immigration and Customs | ) | |
| Enforcement, | ) | |
| MARKWAYNE MULLIN Secretary of the U.S. | ) | |
| Department of Homeland Security, | ) | |
| TODD BLANCHE Acting Attorney General of the | ) | |
| United States, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner Lucia Cortes Rural's ("Ms. Rural") Petition

for Writ of Habeas Corpus (Dkt. 1).  Ms. Rural is a noncitizen who was arrested by

U.S. Immigration and Customs Enforcement ("ICE") officials on March 20, 2026, and is detained

at the Clark County Jail in Jeffersonville, Indiana. She now petitions the Court for a writ of habeas

corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8

U.S.C. § 1226(a). (Dkt. 1 at 9). For the reasons explained below, the Petition is **granted** to the

extent that no later than **May 6, 2026**, Respondents must either: (1) afford Ms. Rural an

individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its

regulations; or (2) release Ms. Rural from custody, under reasonable conditions of supervision.

**I.    BACKGROUND**

Ms. Rural is a Mexican citizen who entered the United States without inspection on August

18, 2018, and after being detained by ICE, voluntarily returned to Mexico. (Dkt. 7-1 at 3). She re-

1

entered the United States at an unknown time and place and has been present in the United States for approximately seven years. *Id.*; dkt. 10 at 3. She was arrested in Harrison County, Indiana for operating a vehicle without a license, pursuant to an I-200 administrative warrant served on March 20, 2026. *Id.* at 5. On the same day, she was turned over to ICE and the Department of Homeland Security ("DHS") placed Ms. Rural in removal proceedings by serving her with a Notice to Appear. *Id.* at 6.

The Notice to Appear charges Ms. Rural with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" and under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for not possessing required documents. *Id.* at 9. The "arriving alien" checkbox is unmarked. *Id.* at 6.

## II.    DISCUSSION

Ms. Rural claims that her current detention violates the Due Process Clause of the Fifth Amendment (Count I) and the Immigration and Nationality Act ("INA") (Count II). Dkt. 1 ¶¶ 30–40. Respondents argue that Ms. Rural is not being held in violation of due process and that she is properly detained under 8 U.S.C. § 1225. Dkt. 7.

The Court finds that Ms. Rural's detention is governed by § 1226(a) and that it is unlawful because she has not been afforded a bond hearing. Because Ms. Rural is entitled to habeas corpus relief on these grounds, the Court does not address her other arguments.

### A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v.*

*Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond . . . ; or

(B) conditional parole[.]

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

3

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B. Ms. Rural Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The record reflects that Ms. Rural is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Ms. Rural who have lived in the interior of the United States for years. *See, e.g.*, *Mohammed v. Olson*, No. 1:25-cv-02404-TWP-MKK, 2025 WL 3541819, at *3–5 (S.D. Ind. Dec. 10, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between

4

§§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See, e.g.*, *id.*

In *Castañon-Nava, v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), a decision that carries persuasive authority due to its procedural posture,[1] the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion.

The respondents here cite a smattering of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." (Dkt. 7 at 10). Notably, the respondents cite two recent circuit court decisions upholding the government's interpretation of § 1225(b)(2)(A). (Dkt. 7 at 10–12) (citing, among other cases, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)). The *Buenrostro-Mendez* court found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503. The *Avila* court similarly held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that " in the context of the statute the two phrases are synonymous." 170 F.4th at 1135.

---

[1] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

In contrast, after this matter was fully briefed, the Second Circuit decided *Barbosa da Cunha v. Freden*, No. 25-3141 (2nd Cir. Apr. 28, 2026). *See* https://ww3.ca2.uscourts.gov/decisions/OPN/25-3141_complete_opn.pdf (accessed Apr. 28, 2026), explicitly rejecting the government's argument and adopting the reasoning set forth in *Castañon-Nava*. "Although divided panels in two other circuits have agreed with the government, . . . we respectfully find the statutory analysis in those decisions, which largely mirrors the government's flawed arguments in this case, to be unpersuasive." *Id.* at 11.

The Court is not convinced that the Seventh Circuit will depart from *Castañon-Nava* (and disagree with *Barbosa da Cunha*) to instead follow *Buenrostro-Mendez* or *Avila*. Therefore, the Court continues to rely on *Castañon-Nava* as persuasive precedent. Accordingly, the Court concludes that Ms. Rural is entitled to a bond hearing under § 1226, and it declines to reach her other arguments.

### III.    <u>SCOPE OF RELIEF</u>

Ms. Rural is entitled to habeas relief because her continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Ms. Rural requests immediate release from custody or, in the alternative, an individualized bond hearing. Dkt. 1 at 9. Immediate release is the customary remedy in habeas proceedings. *See Thursaissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Ms. Rural's immediate release and

6

instead orders Respondents to provide her an individualized bond hearing as required by § 1226(a) and its regulations.

## IV.   <u>CONCLUSION</u>

The Court grants the petition to the extent that no later than **May 6, 2026**, Respondents must either: (1) provide Ms. Rural with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Ms. Rural from custody, under reasonable conditions of supervision. No later than **May 8, 2026**, Respondents must file documentation certifying that they have provided Ms. Rural with a bond hearing or released her from detention. The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: 4/29/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel